972 F.2d 338
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Barney L. BYRUM; Elizabeth Y. Byrun, et ux.; Barney L.
Byrum, III; Spencer N. Byrum, Plaintiffs-Appellees,
v.
BEAR INVESTMENT Company; Edward J. Whitlock, Partner;
Robert A. Whitlock, Partner; Albert G. Johnson, Partner;
W. W. Whitlock, Agent, Principal Officer W. W. Whitlock
Agency, Inc., General Partner and personally, Defendants-Appellants.
Barney L. Byrum; Elizabeth Y. Byrum, et ux.; Barney L.
Byrum, III; Spencer N. Byrum, Plaintiffs-Appellants,
v.
BEAR INVESTMENT Company; Edward J. Whitlock, Partner;
Robert A. Whitlock, Partner; Albert G. Johnson, Partner;
W. W. Whitlock, Agent, Principal Officer W. W. Whitlock
Agency, Inc., General Partner and personally, Defendants-Appellees.
 Nos. 91-2747, 92-1005.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 5, 1992
Decided: August 10, 1992
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-88-853-3)
 ARGUED: Charles Roland Haugh, Haugh & Haugh, Charlottesville, Virginia, for Appellants.
 J. Benjamin Dick, Law Offices of J. Benjamin Dick, Charlottesville, Virginia, for Appellees.
 ON BRIEF: Lair D. Haugh, Haugh & Haugh, Charlottesville, Virginia, for Appellants.
 E.D.Va.
 Affirmed in part, reversed in part and remanded.
 Before WIDENER, SPROUSE, and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 This case is before us a second time. Previously, we concluded that no contract to settle the parties' dispute over a parcel of land existed as of December 16, 1983, and we remanded for a determination as to whether an enforceable settlement contract was subsequently formed. The district court concluded on remand that one had been formed, and it granted plaintiffs' motion for summary judgment on their claim for specific performance. We conclude that no settlement contract had been formed and therefore reverse the judgment in this respect. We affirm the district court's dismissal of plaintiffs' other claims.
 
 I.
 
 2
 This case involves a dispute over a parcel of land in Louisa County, Virginia. Plaintiffs Barney and Elizabeth Byrum (the Byrums) are the record owners of the property, which was auctioned to defendant Bear Investment Co. (Bear) in a foreclosure sale. The Byrums filed suit in state court challenging the foreclosure, and during the pendency of that litigation the Byrums' attorney, J. Benjamin Dick, solicited a settlement offer from Bear. On December 2, 1983, Bear's representative, W.W. Whitlock, responded by offering three options for returning the land to the Byrums. He emphasized, however, that any settlement would require the Byrums to sign a general release and that they must understand that any settlement was an "effort to help them. If they do not feel this is true, then we would not want to have any of the above options completed."
 
 
 3
 The Byrums responded by letter on December 16 with a check for $3,000 (as specified in option one) and a signed general release. The letter, however, indicated that the money was "paid under protest," and on the front of the check was typed "Purpose: To save Byrums Farm & payoff under protest." In addition, the release stated that the Byrums were "under extreme pressure" to settle the case so as to save their land.
 
 
 4
 In our previous opinion, we concluded that the Byrums' response of December 16 was not an acceptance of Bear's settlement offer and, therefore, no settlement contract between the Byrums and Bear had been formed as of that date. See Byrum v. Bear Inv. Co., 936 F.2d 173, 175-76 (4th Cir. 1991) (Byrum I ). The question here is whether such a contract was subsequently formed.
 
 
 5
 On December 20, Whitlock responded to the December 16 response. He indicated to Dick that both the check and the general release were inadequate but that Bear remained prepared to settle the dispute. Whitlock wrote that all the Byrums had to do was sign the general release that he had prepared and enclosed, and re-tender their $3,000 check with the words "under protest" stricken. When counsel for the parties met on January 9, 1984, the Byrums did tender the original check with the words "under protest" stricken, but they failed to submit the release prepared by Whitlock. Instead, they submitted a slightly amended version of the original release: the unamended version stated that "we do agree under protest to pay ... "; on the amended version, the words "do agree under protest" were lined out and the sentence was altered to read, "we are forced to pay...." Bear rejected the Byrums' re-tender on January 9 and again offered to settle on the terms stated by Whitlock in his December 20 letter.
 
 
 6
 On January 18, the Byrums executed the release prepared by Whitlock and recorded the document at the Office of the Louisa County Clerk. At the same time, however, they also recorded the release tendered to, and rejected by, Whitlock on January 9, as well as a "notice." The notice indicated that the Byrums had agreed to "submit to [Bear's] demands to save their land and do so under that force and pressure." Moreover, contrary to Whitlock's instructions, the Byrums never tendered the $3,000 check. Instead, on February 10, Dick wrote to Whitlock to explain why not: "As I have tendered the $3,000.00 check twice and you have given back to me twice, I feel you do not want the money and I think your action to not take the money would be gracious."
 
 
 7
 Based on the Byrum's actions on January 18, the district court (on remand after Byrum I ) concluded "the Byrums ha[d] substantially complied with the terms of Bear[']s counteroffer of January 9" and held, accordingly, that a settlement contract had been formed. It therefore granted summary judgment to the Byrums on count one of their complaint, which sought specific performance of the alleged settlement contract. Based on the general release signed on January 18, it granted summary judgment to Bear on the Byrums' other claims.[1]
 
 II.
 
 8
 We explained the governing Virginia law in Byrum I. The formation of settlement agreements is subject to general principles of contract law. Byrum I, 936 F.2d at 175. Under these principles, acceptance of an offer to settle "must be unequivocal and unqualified in order to bind the offerer." Id. Moreover, "[a] material variance between the acceptance and the offer results in a rejection of the original offer and transforms the putative acceptance into a counter-offer."
 
 
 9
 Id.
 
 
 10
 We conclude that, under these principles, no settlement contract was formed between the Byrums and Bear at any time after December 16. On December 20, Whitlock told the Byrums precisely what they had to do to accept Bear's settlement offer: sign the enclosed general release prepared by Whitlock, and tender a $3,000 check with the words "under protest" struck out. The Byrums' response on January 9 materially differed from this offer because the original release, only slightly amended, was tendered instead of the release prepared by Whitlock. This response, therefore, constituted a rejection of Bear's December 20 offer and a counteroffer. That counteroffer was immediately rejected by Bear, and on January 9 the terms of the December 20 offer were reiterated. This presented the Byrums with yet another opportunity to comply.
 
 
 11
 This they failed to do. Although they did sign and tender the general release prepared by Whitlock, they failed to re-tender the $3,000 check.[2] The failure to tender the $3,000 check obviously was a material variance from the terms of the January 9 offer and constituted a rejection thereof. In the absence of a payment of $3,000, the district court was wrong to conclude that the Byrums "substantially complied" with Bear's January 9 offer. Although Dick suggested in his February 20 letter that Bear settle based solely on the signed general release, this counteroffer was unequivocally rejected by Bear.
 
 
 12
 Moreover, the language in both the "notice" and the alternative version of the general release, both recorded on January 18 along with the signed release prepared by Whitlock, raises the same problem addressed in Byrum I. Bear was negotiating not only for "an exchange of land for money," but also "for an end to an acrimonious dispute over the land." Byrum I, 936 F.2d at 176. The language in the notice and alternative release "suggested that Bear might be deprived of the benefit of its bargain because the Byrums remained reluctant to end the dispute and appeared to be angling both for the land in an immediate sense and for the return of their money at some future time." Id. For the reasons explained in Byrum I, no settlement contract could be formed under these circumstances.
 
 
 13
 Because no settlement contract was formed after December 16, 1983, Bear, not the Byrums, was entitled to summary judgment.
 
 III.
 
 14
 The Byrums cross-appeal the district court's grant of summary judgment to Bear on all of its other claims. They argue that they are entitled to damages based on the causes of action stated in counts two through five of their complaint.
 
 
 15
 We conclude that summary judgment was properly entered for Bear on these claims. The Byrum's amended complaint, with five counts, was filed in April 1989. In June 1989, the district court granted Bear's motion to dismiss counts two through five, but denied the motion as to count one (which sought specific performance of the alleged settlement contract). As the Byrums never appealed the dismissal of these claims, that dismissal is the law of the case and may not be challenged now. See Williamsburg Wax Museum, Inc. v. Historic Figures, Inc., 810 F.2d 243, 250 (D.C. Cir. 1987); Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 206 n.22 (4th Cir. 1982); 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4478, at 801 (1981).
 
 IV.
 
 16
 In sum, we reverse the summary judgment entered for the Byrums on their claim for specific performance of the alleged settlement contract, and we affirm the summary judgment entered for Bear on the Byrums' other claims. We remand the case to the district court with instructions to enter judgment for defendants on all claims and to dismiss this case.
 
 
 17
 AFFIRMED IN PART, REVERSED IN PART,
 
 AND REMANDED WITH INSTRUCTIONS
 
 
 [1]
 In addition to the claim for specific performance, the Byrums sought damages for, inter alia, "intentional breach of contract," "injury to real property," and "third party interference with contract effecting injury to real property."
 
 
 [2]
 The Byrums claim that they did, in fact, tender the $3,000 check on February 15 but that it was rejected by Bear. The district court, however, concluded that "[t]he Byrums never tendered payment to Bear after January 9, 1984," and we see no reason to overturn its finding